UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN R. CROSS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. MEZA, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-2416 AC<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff brings suit against thirteen named correctional officers and other prison officials at Mule Creek State Prison, presenting two constitutional claims: retaliation for plaintiff's exercise of First Amendment rights, and denial of dinners in violation of his Eighth Amendment rights. The factual allegations need not be summarized here in detail. The gist of the factual bases for the claims follows.

Claim One alleges that throughout 2018 and 2019, various MCSP officials wrongfully denied or otherwise terminated plaintiff's many grievances and appeals, thwarting exhaustion of his administrative remedies. During the same period, plaintiff was repeatedly subjected to the taking of or interference with his personal property, and he was place in administrative segregation for no legitimate reason. Staff made disparaging comments about plaintiff's filing of 602s, and it was said that plaintiff "wanted to be the new Johnny Cochran filing all this paperwork." Plaintiff was written up for exercising his rights. In response to plaintiff's request for a different correctional counselor, defendants moved plaintiff to a "punishment building" where gang members are housed. Plaintiff's wrongfully seized personal property has not been returned to him.

Claim Two alleges that plaintiff's Eighth Amendment right to be fed was violated when defendant G. Junes ordered in March 2019 that plaintiff not be fed dinner or brought a dinner

tray. Plaintiff was denied admittance to the dining hall for dinner, and was not provided dinner in his cell, for a month and a half. There is no reference to denial of other meals.

IV. <u>Failure to State a Claim</u>

A. <u>Claim One: Retaliation</u>

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted). A retaliation claim is not cognizable without allegations that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor for the defendant's challenged conduct. See <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 419 U.S. 274, 287 (1977)).

Plaintiff has alleged numerous adverse actions that he believes were retaliatory, but he has not presented facts showing that that any particular adverse action was substantially motivated by retaliatory animus. Most of plaintiff's allegations of retaliatory intent are entirely conclusory, and the circumstances described do not support an inference of such intent as to any particular defendant. The allegations of negative comments about plaintiff's grievances are not linked to the specific adverse actions of individual defendants. It is not enough for plaintiff to allege multiple adverse actions by multiple defendants, and general animosity towards him on the basis of protected conduct. The allegations against each individual defendant must be set forth in a way that allows the court to identify every element of a retaliation claim.

B. <u>Claim Two: Denial of Meals</u>

Adequate food is a basic human need protected by the Eighth Amendment. <u>Keenan v. Hall</u>, 83 F.3d 1083, 1091 (9th Cir. 1996). While prison food need not be tasty or pleasant, it must be adequate to maintain health. <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1456 (9th Cir. 1993). The complaint does not provide enough information about plaintiff's overall access to food to determine whether Officer Junes' actions violated this standard. Because the complaint does not

4

specify how many meals plaintiff was denied and how many he received during the relevant period, or what foods were provided at meals other dinner, the court cannot assess whether the alleged deprivation was sufficiently serious to implicate the Eighth Amendment. See Foster v. Runnels, 554 F.3d 807, 812-13, 813 n.2 (9th Cir. 2009).

In order to state a claim for relief under the Eighth Amendment, plaintiff must state facts demonstrating not only a sufficiently serious deprivation but also a culpable state of mind on the part of the defendant. See Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. 2000). That state of mind, deliberate indifference, requires facts showing that the defendant was aware of an excessive risk to plaintiff's health or safety and took the challenged actions anyway. Id. at 734. The complaint here lacks facts demonstrating that Junes was aware of an excessive risk to plaintiff and acted with a sufficiently culpable state of mind. Accordingly, the complaint fails to state a claim for relief under the Eighth Amendment.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The complaint has been screened and will not be served because the facts you have alleged are not enough to state a claim for relief.  In order to state a claim for retaliation, you need to provide facts *as to each individual defendant* showing that they were motivated by hostility to your filing of appeals.  It is not enough that you believe you were being retaliated against.  In order to state an Eighth Amendment claim based on the denial of dinners, you need to provide facts showing that your overall access to food during that time was not enough to maintain your health, and that Officer Junes (and any other defendant you seek to hold liable) acted with deliberate indifference.  That includes facts showing that defendant knew she was creating an excessive risk to your health.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

////

3. Plaintiff's complaint has been screened and found not to state a claim for relief. Plaintiff is granted leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 18, 2021.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE