UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN R. CROSS,<br><br>  Plaintiff,<br><br>  v.<br><br>T. MEZA, et al.,<br><br>  Defendants. | No. 2:19-cv-2416 WBS AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a second motion for a sixty-day extension of time to file an amended complaint and a motion for a temporary restraining order and preliminary injunction. ECF No. 18.

I.   Motion for Extension of Time

By order filed May 19, 2021, the complaint was screened and found to not state a claim for relief. ECF No. 7. After plaintiff failed to file an amended complaint, he was given an additional twenty-one days to do. ECF No. 14. Plaintiff then requested and was granted a sixty-day extension for time to file an amended complaint. ECF Nos. 16, 17. Plaintiff has now filed a second motion requesting a sixty-day extension of time. ECF No. 18. The motion alleges that in the past ten weeks plaintiff has been allowed to use the law library only once, despite over twenty attempts at access and that the paging system is also unavailable. Id. at 2. Good cause appearing, the motion will be granted. However, plaintiff is cautioned that no further extensions of time will

1

be granted absent a showing of extraordinary circumstances.  Plaintiff is further advised that in amending his complaint he does not need to cite to any case law and should instead focus on explaining each defendant's individual actions that he believes violated his constitutional rights. Plaintiff should refer to the May 19, 2021 Screening Order, which explains what kind of information he needs to provide to support his claims.

## II. Motion for Temporary Restraining Order and Preliminary Injunction

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  The propriety of a request for injunctive relief hinges on a threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Id. (citing Goldie's Bookstore, Inc. v. Superior Ct., 739 F.2d 466, 472 (9th Cir. 1984)).

Plaintiff seeks an order from this court mandating that Mule Creek State Prison grant him access to the prison law library.  However, plaintiff has not shown that he will suffer irreparable harm if he is not granted an injunction because he has failed to demonstrate that an extension of time, which he is being granted, is insufficient to address the issue.

////

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an extension of time, ECF No. 18, is GRANTED. Plaintiff may file an amended complaint within sixty days of the service of this order.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 18, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE