UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTIN R. CROSS, | No. 2:19-cv-2416 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| T. MEZA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 21.

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

1

1    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
2    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
3    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
4    Franklin, 745 F.2d at 1227-28 (citations omitted).

5          "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
6    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
7    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
8    U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9    "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
10   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
11   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
12   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
13   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
14   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
15   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
16   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
17   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

18         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
19   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
20   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
21   content that allows the court to draw the reasonable inference that the defendant is liable for the
22   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
23   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
24   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
25   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
26   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

27       II.     First Amended Complaint
28         The first amended complaint identifies twenty named defendants—Meza, Green, Kendall,

2

Clays, Broussard, Tillary, Placencia, McCarthy, Benz, Junes, Negrete, Azar, Reynolds, Martin, Fisk, Hobbs, Mulford, Sunderland, Pablo, and Gamez—as well as ten Doe defendants.[1] ECF No. 21 at 3-4. The amended complaint also expands the scope of the original complaint to include a property claim in addition to plaintiff's original claims for retaliation in violation of the First Amendment and denial of dinners in violation of the Eighth Amendment. Id.

In Claim One, plaintiff alleges that throughout 2018 and 2019 he was retaliated against by various Mule Creek State Prison officials for pursuing grievances. Id. at 5-7. He claims in January 2018, he submitted a grievance against Green for interfering with his access to the courts and that Meza screened out and failed to process the appeal. Id. at 5. He was then subjected to "a series of threats and retaliation" by Kendall, Clays, Benz, Reynolds, Junes, Azar, and Negrete. Id.

Plaintiff alleges that Junes, under the direction of Meza, issued him a rules violation for disobeying an order. The RVR stated that Junes had received three CDCR Form 22s from plaintiff after having several conversations with him about the proper way to fill out the forms, and that he was abusing the appeals process. Id. at 6. Clays reviewed the report as a supervisor. Id. Plaintiff also made several requests to be moved closer to his assigned counselor's office as an accommodation for his disability, and after one such request Clays and McCarthy conspired to move him into a "punishment building" with gang members and other prisoners who were disciplinary problems. Id. When he went to address the move, he was told that it was ordered by Clays and that perhaps he "was bringing these problems on himself by thinking he's Johnny Cochran and filing so many 602 appeals." Id. Clays and McCarthy then came out of the building and Clays told him to "quit writing so many 602's" and McCarthy told plaintiff he would move plaintiff back to his previous housing unit if he "did'nt [sic] file any paperwork for 30 days." Id. Plaintiff was also subject to excessive cell searches and the unauthorized confiscation of his property. Id. at 7. On the same day plaintiff requested to be moved closer to his counselor, Benz

---

[1] The complaint also references conduct by officers Ellis and Moua. ECF No. 1 at 8, 10. However, these individuals are not identified as defendants in the list of defendants and will therefore not be treated as defendants. Id. at 3-4.

ransacked his cell and plaintiff was placed in administrative segregation after he made a verbal complaint. Id. Two months later, Martin and Gamez confiscated and refused to return plaintiff's legal property, which he alleges was being held as a bargaining chip to get plaintiff to act as an informant. Id. The following month, Martin confiscated plaintiff's property and Benz and Reynolds confiscated a hot pot. Id.

Claim Two alleges that defendants Clays, McCarthy, Placencia, Tillary, Broussard, Martin, Gamez, Doe 1, Kendall, and Benz improperly confiscated various items of plaintiff's property, including legal materials, and in some instances distributed the confiscated property to other inmates in violation of due process. Id. at 8-10. McCarthy and Clays then ordered Junes to issue plaintiff a rules violation report for disobeying an order when he filed grievances about his property. Id. at 10.

Finally, in Claim Three, plaintiff asserts that on three separate occasions in March 2019, Junes ordered Azar and Negrete to escort plaintiff to his cell without his evening meal and would not allow him to have a tray sent to his cell. Id. at 11. This occurred shortly after Junes retaliated against plaintiff by writing him up for filing a grievance. Id. In October 2019, Azar, Negrete, and Doe 2 refused to allow plaintiff into the dining hall for the evening meal and Junes refused to allow him into the dining hall for breakfast or to pick up a sack lunch for the afternoon meal. Id. Plaintiff alleges that this conduct was retaliatory and violated his rights under the First and Eighth Amendments. Id.

   III.   Failure to State a Claim

      A. Personal Involvement

The complaint fails to identify any actions by defendants Fisk, Hobbs, Mulford, Sunderland, Pablo, and Does 3-10. "Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and plaintiff has not alleged any facts showing the necessary personal involvement by any of these defendants.

      B. Claim One: Retaliation

A viable First Amendment claim for retaliation must include the following five elements:

4

"(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).  A retaliation claim is not cognizable without allegations that plaintiff's exercise of his constitutionally protected rights was the "substantial" or "motivating" factor for the defendant's challenged conduct.  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 419 U.S. 274, 287 (1977)).

As in the original complaint, plaintiff has alleged numerous adverse actions that he believes were retaliatory, but he has not presented facts showing that that any particular adverse action was substantially motivated by retaliatory animus.  Most of plaintiff's allegations of retaliatory intent are entirely conclusory, and the circumstances described do not support an inference of such intent as to any particular defendant.  The allegations of negative comments about plaintiff's grievances are not linked to the specific adverse actions of individual defendants.  It is not enough for plaintiff to allege multiple adverse actions by multiple defendants, and general animosity towards him on the basis of protected conduct.  The allegations against each individual defendant must be set forth in a way that allows the court to identify every element of a retaliation claim.  To the extent plaintiff has attempted to identify specific conduct by some of the defendants, the allegations are insufficient for the reasons set forth below.

Plaintiff alleges that he filed a grievance against Green for interfering with his access to the courts, but provides no specifics regarding Green's retaliatory conduct.  This makes it impossible for this court to determine whether the conduct constituted an adverse action or was motivated by plaintiff's protected conduct.  Similarly, the fact that Meza screened out plaintiff's grievance and refused to process it, without more, does not establish retaliatory motive.  Nor does screening out a grievance rise to the level of adverse conduct that would chill an inmate's exercise of his First Amendment rights.  See Rhodes, 408 F.3d at 568 (conduct "would chill *or* silence a person of ordinary firmness from future First Amendment activities" (citation omitted)); see also Dicey v. Hanks, No. 2:14-cv-2018 JAM AC, 2015 WL 4879627, at *5, 2015 U.S. Dist.

5

LEXIS 107487, at *10-11 (E.D. Cal. Aug. 4, 2015) ("denial of a grievance neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities" (collecting cases)), findings and recommendations adopted, 2015 WL 6163444, 2015 U.S. Dist. LEXIS 140655 (E.D. Cal. Oct. 15, 2015).

Plaintiff's allegations that Kendall, Clays, Benz, Reynolds, Junes, Azar, and Negrete subjected him to "a series of threats and retaliation" also fail to state a claim for relief. While plaintiff alleges various deprivations of property and the denial of meals by these defendants, as well as by Martin and Gamez, he provides no facts to demonstrate that their actions were motivated by plaintiff's protected conduct. Plaintiff's assertions that Junes wrote him up for abusing the appeals process at Meza's direction, and that Clays reviewed the report, also fail to state claims for relief because the allegations indicate that it was a legitimate write up for violating the regulations regarding the submission of appeals, see Cal. Code Regs. tit. 15, §§ 3084.1(d), 3084.4(a) (2019) (permitting appeal restrictions and disciplinary sanctions for appeal abuse and outlining conduct that constitutes abuse of the appeal system), and plaintiff makes only a conclusory assertion that the disciplinary was retaliatory. Finally, plaintiff's claim that he was moved to a "punishment building" in retaliation for making multiple requests to be moved closer to his counselor's office as an accommodation for his disability, even if true, does not state a claim because requesting a disability accommodation is not protected conduct under the First Amendment. See Lipsey v. Samaniego, No. 1:17-cv-1703 LJO JDP, 2019 WL 1431591, at *5, 2019 U.S. Dist. LEXIS 54544, at *12 (E.D. Cal. Mar. 29, 2019) (request for an accommodation "is not protected conduct under the First Amendment"), findings and recommendations adopted, 2019 U.S. Dist. LEXIS 122582 (E.D. Cal. Apr. 17, 2019); Hunter v. Williams, No. 2:19-cv-1101 CKD, 2020 WL 2935427, at *4, 2020 U.S. Dist. LEXIS 97698, at *10-11 (E.D. Cal. June 3, 2020) ("requesting an ADA accommodation is not protected conduct under the First Amendment").

C. Claim Two: Property

The unauthorized deprivation of property by a prison official, whether intentional or

6

1  negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation
2  remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and "California Law provides an adequate
3  post-deprivation remedy for any property deprivations," Barnett v. Centoni, 31 F.3d 813, 816-17
4  (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895).  Plaintiff's allegations that
5  defendants Clays, McCarthy, Placencia, Tillary, Broussard, Martin, Gamez, Doe 1, Kendall, and
6  Benz improperly confiscated his property without due process therefore fail to state a claim for
7  relief.

    D.   Claim Three: Denial of Meals

"Adequate food is a basic human need protected by the Eighth Amendment," Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996) (citation omitted), and prison food must be "adequate to maintain health," LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation omitted).  "The *sustained* deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) (emphasis added) (citation omitted).

The allegations that Junes, Azar, Negrete, and Doe 2 denied plaintiff meals on a few occasions in March and October 2019 do not demonstrate that plaintiff was subjected to a sufficiently serious deprivation to violate his Eighth Amendment rights.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991))).  Accordingly, the complaint fails to state a claim for relief under the Eighth Amendment.

    IV.     Leave to Amend

The complaint does not state any cognizable claims for relief and plaintiff will be given one final opportunity to amend the complaint.  If plaintiff chooses to file a second amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42

U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any previous complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a second amended complaint, his prior complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Plain Language Summary of this Order for a Pro Se Litigant

The complaint has been screened and will not be served because the facts you have alleged are not enough to state a claim for relief. In order to state a claim for retaliation, you need to provide facts *as to each individual defendant* showing that they were motivated by hostility to your filing of appeals. It is not enough that you believe you were being retaliated against. In order to state an Eighth Amendment claim based on the denial of dinners, you need to provide facts showing that your overall access to food during that time was not enough to maintain your health, and that each defendant you seek to hold liable acted with deliberate indifference. That includes facts showing that the defendants knew they were creating an excessive risk to your health.

If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims not in the second amended complaint will not be considered.**

////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: May 6, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE